IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LESLIE A. KERR,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>KENNETH L. SALAZAR, Secretary of Department of Interior,<br><br>　　　　Defendant. | Case No. 3:08-cv-0230-RRB<br><br>**<u>ORDER REGARDING</u>**<br>**<u>DOCKETS 118 and 125</u>** |

I.　　**INTRODUCTION**

　　This is an employment discrimination action brought by Plaintiff Leslie Kerr against the Department of Interior, based upon her removal from federal service because of allegedly protected disclosures under the Whistleblower Protection Act, 5 U.S.C.A. § 2302.[1] She appealed to this Court, which dismissed her claims on summary judgment at Docket 101. The Ninth Circuit reversed and remanded at Docket 111.

---

[1] Kerr also alleges discriminatory and retaliatory removal from her federal position, in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2(a)(1); 42 U.S.C. § 2000e-3(a)(2010). Plaintiff received a final EEO Agency decision on September 22, 2008, which found that her claims were unfounded. This Court granted summary judgment and dismissed. The Ninth Circuit reversed and remanded this matter, finding that with regard to Kerr's Title VII retaliation claim, she has raised a sufficient question of pretext to survive summary judgment. However, the 9th Circuit specifically limits the claim to "Kerr's permanent reassignment, and whether this reassignment was attributable to her February 2006 complaints of gender discrimination." Docket 111 at 11. The retaliation issues are not before the Court in this motion practice.

Regarding her alleged "whistleblower" complaints to the Department of Interior's Office of Inspector General ("OIG"), the Ninth Circuit disagreed with this Court's holding that Kerr's pre-OIG complaint communications could not be protected disclosures. However, the Ninth Circuit declined to reach the question of whether any adverse actions occurred because of Kerr's pre-OIG complaints and remanded the issue for further proceedings. Docket 111 at 11-13.

Trial has been set in this matter in September 2014. Defendant has moved to dismiss the whistleblower defense for lack of jurisdiction, and the parties disagree as to the scope of review of the whistleblower claim.

### A.  Defendant's Motion to Dismiss the Whistleblower Defense for Lack of Jurisdiction (Docket 125)

The Whistleblower Protection Act ("WPA") prohibits employers from taking adverse employment actions against employees who disclose information they reasonably believe evidences a violation of any "law, rule, or regulation" or "gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety."[2]

Defendants argue, for the first time on remand from the Ninth Circuit, that "this court has no jurisdiction to decide whether Kerr's removal or involuntary retirement stemmed from her whistleblower activities because she did not exhaust administrative remedies." Docket 125 at 14. Defendant argues that Kerr proceeded with her case before the Office

---

[2]  5 U.S.C.A. §2302(8)(A)(2010); 5 U.S.C.A. §2302(8)(B)(i)-(ii)(2010).

of Civil Rights ("OCR"), which had no jurisdiction to review a WPA defense and informed her of such. Rather, only the Merit System Protection Board ("MSPB") had exclusive jurisdiction over WPA claims and Kerr never exhausted her claims there. Docket 125 at 14. "The WPA defense was never administratively exhausted and now this court has no record to review. There is no law anywhere that allows the district court to decide a WPA defense *de novo* in the first instance." Docket 125 at 28.

Kerr argues that Defendant's motion is based on the "pretext that subject matter jurisdiction may be challenged at anytime, even on appeal." Docket 132 at 1. Kerr complains that Defendant did not seek leave to brief any issue of administrative exhaustion, nor did it make any references in either of its two motions for summary judgment or before the Ninth Circuit. Docket 132 at 2. Kerr suggests that "the time for filing any dispositive motion has long since passed . . . [and] the alleged failure to exhaust argument is not cognizable as a jurisdictional issue, Plaintiff herein is not going to argue the merits of the exhaustion affirmative defense, which has been waived." Docket 132 at 3. Kerr suggests that "if the court grants Defendant yet another opportunity to file a dispositive motion, Plaintiff will address it at that time, noting that even if there has been an exhaustion deficit, the result would not likely be dismissal. Instead the result would be more briefing" to determine whether exhaustion has been waived, whether judicial economy and fairness allow the court to proceed with the WPA issue, and/or whether a remand of the WPA issue to the MSPB for full exhaustion is warranted." Docket 132 at 3.

Contrary to Kerr's position, it is well-established that subject matter jurisdiction, which "refers to a tribunal's power to hear a case," is a matter that can never be forfeited or waived.³ "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Here, it is undisputed that Kerr failed to fully present her whistleblower retaliation claim to the MSPB before she brought her "mixed claim" action in the district court. Rather, she proceeded with her mixed case before the EEO, which has no jurisdiction to review a WPA claim, and informed her of such. Thus, she has not preserved that claim for judicial review.⁴ Indeed, when an employee bypasses the MSPB, federal courts cannot possibly apply the proper deferential standard of review to the agency's action, because there is no record to review, and therefore no decision to defer to. Kerr cites no authority that would allow this Court to decide the WPA claims in the first instance.

The Court agrees with Defendant that Kerr's "error was to skip the administrative procedure completely and to come into district court without a record to review." Docket 136 at 8. Kerr left the MSPB without a decision one way or the other on her WPA claim and failed to return to the MSPB before filing her complaint in this Court. A close reading

---

³ *Adkison v. Commissioner of Internal Revenue*, 592 F.3d 1050, 1055 (9th Cir. 2010); *see also Hansen v. Dept. of Treasury*, 528 F.3d 597, 600 (9th Cir.2007) ("[t]he defense of lack of subject matter jurisdiction cannot be waived, and may be raised at any time during the proceedings") (internal citations and quotations omitted).

⁴ *See Sloan v. West*, 140 F.3d 1255, 1259-60 (9th Cir.1998); *see also Nater v. Riley*, 114 F. Supp. 2d 17, 24 (D.P.R.2000), aff'd, 2001 WL 828290, 15 Fed. Appx. 11 (1st Cir. July 23, 2001) (unpublished disposition)*, cert. denied*, 535 U.S. 989(2002).

of *Sloan* suggests that any path that Kerr may have taken to district court regarding the WPA claims would have had to make a stop at the MSPB for a decision.

### B. Scope of Review of the Whistleblower Claim (Docket 118)

Having so concluded, this Court need not reach the issue of the scope of review of the whistleblower claim.

## II. CONCLUSION

The Motion to Dismiss the WPA claim for lack of jurisdiction at **Docket 125** is **GRANTED** and the claim is **DISMISSED WITHOUT PREJUDICE**. The Motion Regarding Scope of Review at **Docket 118** is **DENIED AS MOOT**.

The parties are directed to confer and file a status report with the Court on or before **July 28, 2014,** to advise the Court whether Kerr will return to the MSPB to exhaust her administrative remedies, whether she waives these claims, or whether the parties can reach some other agreement that would either settle this matter or allow trial to proceed in September.

**IT IS SO ORDERED** this 18th day of July, 2014.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE